**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4686**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LENARDO RODRIKUS MCGEE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00444-JAB)

---

Submitted:  February 13, 2008        Decided:  March 17, 2008

---

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lenardo Rodrikus McGee appealed from his 117-month sentence, contending that the district court erred in declining to vary from the advisory Sentencing Guidelines range on the basis of the harshness of the Guidelines' 100:1 crack-to-powder cocaine ratio. In a prior opinion, we concluded that McGee's claim was barred by our decision in United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio cannot be the basis of a variance), vacated, 128 S. Ct. 853 (2008). However, subsequent to our decision, the Supreme Court issued Kimbrough V. United States, 128 S. Ct. 558, 575 (2007), which abrogated Eura and held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.A. § 3553(a) (West 1999 & Supp. 2007)]'s purposes, even in a mine-run case."

McGee has filed a petition for rehearing, raising Kimbrough. We grant the petition and dispense with further briefing and argument. To give the district court an opportunity to reconsider McGee's sentence in light of Kimbrough, we vacate McGee's sentence and remand for resentencing. The parties' joint motion to remand is denied as moot. We express no opinion on the appropriateness of a variance sentence.

VACATED AND REMANDED